UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------- x
BENONI LENNOX DIXON,                          :
                                              :
                         Plaintiff,           :        **MEMORANDUM AND ORDER**
                                              :           03-CV-343 (DLI)(VVP)
              -against-                        :
                                              :
CITY OF NEW YORK and SHARON                   :
SWEETING-LINDSY,                              :
                                              :
                         Defendants.          :
--------------------------------------------------------- x
**DORA L. IRIZARRY, United States District Judge:**

On April 9, 2009, over six months after the court adopted Magistrate Judge Viktor V. Pohorelsky's Report and Recommendation ("R&R") dismissing plaintiff's hostile work environment claims, plaintiff, in a letter, petitioned the court to reconsider its decision with respect to his hostile work environment claim under the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-107, *et seq.* ( "CHRL"). Plaintiff originally brought the claim under the CHRL as well as state and federal statutes. Plaintiff now contends that the New York State Supreme Court, Appellate Division, First Department's decision in *Williams v. The New York City Housing Dep't Auth.*, 872 N.Y.S.2d 27 (1st Dep't 2009), decided on January 27, 2009, warrants the reconsideration. According to plaintiff, the *Williams* court set forth a "zero tolerance" standard for evaluating such claims, whereas this court applied the more stringent "severe or pervasive" federal standard for determining whether there was a hostile work environment.

Although plaintiff is wrong that *Williams* sets forth a zero tolerance standard,[1] the court

---
[1] Plaintiff misstates *Williams*: nowhere does *Williams* mandate a zero tolerance standard to determine, for purposes of the CHRL, whether a plaintiff was subjected to a hostile work

1

grants the motion and allows the CHRL hostile work environment claim to proceed to trial. As explained more fully below, defendants are incorrect that this court is procedurally barred from reconsidering the claim. Furthermore, the "severe or pervasive" test for evaluating federal and state hostile work environment claims is inapplicable to such claims arising under the CHRL. The correct test for determining whether such a claim under the CHLR can be dismissed on summary judgment is whether the offending conduct amounts to no more than "petty slights or trivial inconveniences." Because the court has already held that there are genuine issues of material fact pertaining to the relevant conduct—defendant Sweeting-Lindsay's alleged grabbing of plaintiff's arm and threat of physical violence—and that this conduct rises above mere "trivial harm," the claim cannot be dismissed under the "petty slights or trivial inconveniences" standard.

## I.     The Motion Should be Construed under Fed. R. Civ. P. 60(b)(1).

Although plaintiff does not identify the specific rule or rules under which he seeks reconsideration of the court's dismissal of his retaliatory hostile work environment claim under the CHRL, the court finds that it properly falls under Fed. R. Civ. P. 60(b)(1), which encompasses judicial errors. *See Air India, Ltd., v. Brien, et al.*, 239 F.R.D. 306, 311-312 (E.D.N.Y. 2006).[2]   In making this finding, the court rejects defendants' argument that this court

environment. The only mention of "zero tolerance" in *Williams* is as follows: "we note that the 'severe or pervasive' test reduces the incentive for employers to create workplaces that have zero tolerance for conduct demeaning to a worker because of a protected class status." 872 N.Y.S.2d at 38. This statement about employer incentives does not come close to establishing a rule that any instance of offending conduct automatically transforms the plaintiff's employment into a hostile work environment. Indeed, *Williams* explicitly rejected such a zero tolerance approach, stressing that "petty slights or trivial inconveniences" are not tantamount to a hostile work environment under the CHRL. *See id.* at 41.

[2] The question of whether judicial errors fall within the ambit of Rule 60(b)(1) is not only

lacks jurisdiction over the claim under Fed. R. Civ. P. 6(a)(2) and 59(e), which require motions to alter or amend the judgment to be filed no later than 10 days after the entry of the judgment. The Second Circuit has held that "[a]n untimely motion under Rule 59(e) may be considered a motion for relief from judgment under Rule 60(b)." *Truong v. American Bible Society*, 295 Fed. Appx. 421 (2d Cir. 2008) (citing *Branum v. Clark*, 927 F.2d 698, 704 (2d Cir. 1991).

Additionally, the court disagrees with defendants' contention that plaintiff failed to object to the dismissal of this claim. Plaintiff's objections to the R&R state: "The threats and assault by defendant Lindsay on plaintiff Benoni Dixon on March 5, 2002, and the documented effect of said threats and assault upon plaintiff Benoni Dixon and plaintiff Benoni Dixon's working environment, is direct proof and evidence that said incident was sufficiently severe as to alter the conditions of Mr. Dixon's work environment." (Pl.'s Objections at 4.) Furthermore, even if plaintiff failed to object to the R&R, such a waiver is "nonjurisdictional," and the court is free to consider such an objection in the interest of justice. *Spence v. Superintendent, Great Meadow Correctional Facility*, 219 F.3d 162, 174 (2d Cir. 2000) (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." *Spence*, 219 F.3d at 174 (citations omitted). In this instance, for the reasons set forth below, the court finds plaintiff's motion for reconsideration has merit.

---

unsettled within the Second Circuit, but subject to somewhat conflicting Second Circuit opinions. *See Air India*, 239 F.R.D. at 311-12 (detailing the confusion on this issue). This ambiguity does not affect the court's analysis since plaintiff's claim would fall under Rule 60(b)(6) if it did not fall under Rule 60(b)(1). Furthermore, this issue—whether the claim should be evaluated under subsection (1) or (6)—is of no practical consequence since the one-year bar is not at issue here because plaintiff filed for reconsideration less than seven months after the court adopted the R&R.

## II. The Claim Survives Summary Judgment under the CHRL.

When the court first assessed plaintiff's claims of hostile work environment, which he brought under federal, state, and New York City statutes, the court used the following standard: whether the offending conduct was "sufficiently severe or pervasive to alter the conditions of his employment and create an abusive working environment." (Order Adopting R&R at 9.) While this standard is properly applied to plaintiff's federal and state claims, it was not the proper standard for evaluating the CHRL claim. The Restoration Act of 2005 amended the CHRL to make it more protective than its federal and state counterparts. *See Farrugia v. Northshore Univ. Hosp.*, 13 Misc.3d 740, 747 (N.Y. Co. S.Ct. 2006). Specifically, the statute states:

> The provisions of this [chapter] title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights law, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Admin. Code § 8-130 (Local Law 85, § 7); *see also Williams*, 872 N.Y.S.2d at 31. As applied to hostile work environment claims, offending conduct that does not qualify as sufficiently severe under the federal and state statutes may nonetheless establish a viable claim under the CHRL.

Under *Williams*, the test for dismissing a CHLR hostile work environment claim on summary judgment is whether "the alleged discriminatory conduct in question does not represent a 'borderline' situation but one that could only be reasonably interpreted by a trier of fact as representing no more than petty slights or trivial inconveniences." 872 N.Y.S.2d at 41. Plaintiff's claim survives summary judgment under this test. Here, the complained-about behavior is comprised of defendant Sweeting-Lindsay allegedly grabbing plaintiff's arm and

4

threatening that her "ex-con" husband would hurt him.   (*See* Chronology of Events Relating to an Allegation of a Threat, Ex. II to Mosaku Decl.)   The court finds that a reasonable trier of fact could construe such a threat of physical violence as something more than a petty slight or trivial inconvenience.   Indeed, the magistrate judge held, and the court adopted, this very finding. Referring to the March 5, 2002 confrontation with defendant Sweeting-Lindsay, the magistrate judge found that "[s]uch a threat, if true, is certainly not part of the 'trivial harms' that fall beyond the scope of Title VII, . . . and . . . may constitute a situation where an employee facing such a threat would be reasonably deterred from making additional complaints."   (R&R at 24 (citations omitted).)   Moreover, the magistrate judge "concluded that the encounter itself presents material issues of fact that defeat the defendants' motion for summary judgment . . . ." (R&R at 25.)   Defendants did not object to these findings.   Under the CHLR, these findings are all that is required for a hostile work environment claim to survive summary judgment.   *See Williams*, 872 N.Y.S.2d at 41.

### III.    Permitting the Claim to Proceed Will Not Prejudice Defendants.

Defendants claim that, at the time they answered the complaint, conducted discovery, and engaged in motion practice, the affirmative defense articulated in *Williams*—showing that the alleged discriminatory conduct in question does not represent a 'borderline' situation but one that could only be reasonably interpreted by a trier of fact as representing no more than petty slights or trivial inconveniences—was unavailable.   "Thus, to allow plaintiff to proceed on his CHRL claim without giving defendants the benefit of asserting, and litigating this new defense, would be fundamentally unfair, and would deny them due process in this case."   (Defs.' April 21, 2009 Letter at 6.)   The court disagrees.   Defendants' characterization of the *Williams* defense as "new" is incorrect.   There is nothing new about this defense: it is well established that a

defendant can defeat hostile work environment claims by showing that the offending conduct amounts to no more than petty slights. Over a decade ago, the Second Circuit affirmed a dismissal of such a claim "as a matter of law," because the "*petty* annoyances . . . do not rise to the level of a hostile work environment." *Pezzano v. Sears, Roebuck & Co.*, 131 F.3d 131 (2d Cir. 1997) (emphasis added); *see also Kaspi v. Fairway Operating Corp.*, 113786/03, 2005 WL 3134227, at *2 (N.Y. Co. S.Ct. Oct. 7, 2005) (explaining that the "petty slights suffered by the hypersensitive," does not constitute a hostile work environment).

Furthermore, defendants have not explained how *Williams* would have altered their litigation strategy up to this point, and the court doubts that *Williams* would have made any difference. Under the law at the time defendants answered the complaint, conducted discovery, and engaged in motion practice, a defendant could defeat a hostile work environment claim by showing that the offending behavior was insufficiently severe. That has not changed since *Williams*. The only change that *Williams* has arguably injected is that it articulated the exact standard for dismissing a CHRL hostile work environment claim on summary judgment.[3] Notwithstanding *Williams*, to properly defend against any hostile work environment claim, a party must ascertain the exact nature and frequency of the offending behavior.

Additionally, after again reviewing the amended complaint and defendants' answer, the court fails to see how defendants' responses would have differed had *Williams* been decided seven years earlier. Defendants denied all of the allegations relating to the March 5, 2002 incident (Answer to Amended Compl. at ¶¶ 31-43, 56-59.) Surely, defendants are not suggesting that *Williams* would have caused them to admit to those allegations. Furthermore,

_____

[3] Once the Restoration Act was passed in 2005, defendants were on notice that the threshold for dismissing such claims is greater under the CHLR than its federal and state counterparts.

the *Williams* defense is encompassed by defendants' first affirmative defense—failure to state a claim upon which relief can be granted—and the court evaluated the *Williams* defense in this very opinion. Thus, defendants' claim that they were somehow denied the benefit of the *Williams* affirmative defense is baseless.

The court similarly rejects defendants' meritless suggestion that additional discovery would be required in order to go forward with the hostile work environment claim under the CHRL. The hostile work environment claim rests upon the very factual allegations underpinning the remaining retaliation claims—namely, the March 5, 2002 incident. The hostile work environment claim under the CHRL rests solely upon the alleged assault and threat of March 5, 2002, and the parties have already conducted discovery on that incident. Thus, the parties possess all of the witnesses, testimony, and documents, and any other evidence to try the hostile work environment claim. Moreover, discovery closed in this case in mid-2004, before the parties engaged in summary judgment motion practice. At that point, the parties had no way of knowing what claims the court would dismiss and therefore, had to conduct discovery on all claims. Under these circumstances, the court is not convinced that granting plaintiff's motion to reconsider would prejudice defendants in any way.

**CONCLUSION**

Plaintiff's motion for reconsideration is granted to the extent that the hostile work environment claim under the CHRL is reinstated.

SO ORDERED

DATED:          Brooklyn, New York
                April 24, 2009

                                    _____/s/_____
                                    DORA L. IRIZARRY
                                    United States District Judge